UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PERRY DANIEL HOLLIE, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No.  13-cv-1077 |
| RICARDO RIOS, *Warden* | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on February 20, 2013. As the Court has received Petitioner's filing fee, his Petition is now ready for preliminary review. For the reasons stated below, the Petition is dismissed without prejudice.

Petitioner was convicted in the Eastern District of Michigan of conspiracy, bank robbery, and murder in case number 96-cr-90058, and sentenced to life in prison. (Doc. 1 at 2-3). He is currently incarcerated at the Pekin Federal Correctional Institution. He apparently seeks a Court order as to a First Amendment issue related to the viewing of certain R– or NC-17–rated movies in his correctional facility. (Doc. 1 at 7-18).

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and determined Petitioner is not entitled to habeas corpus relief.

Habeas corpus is an action for prisoners to challenge the fact or duration of confinement, not the conditions of confinement. *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000). The Seventh Circuit has repeatedly held that inmates challenging prison conditions cannot receive habeas corpus relief, stating recently: "When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011). Petitioner's claim is solely a challenge to the conditions of his confinement, and is thus not cognizable under § 2241. Rather, if Petitioner wishes to raise his claim in federal court, it may be cognizable as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because recharacterization of a habeas petition as a civil rights suit can have implications that disadvantage the prisoner, the Court will not recharacterize Petitioner's claims. *See Robinson*, 631 F.3d at 841. Additionally, the filing fee for a civil rights case is significantly higher than the five dollar fee for a habeas petition. Instead, the Court dismisses Petitioner's Petition without prejudice. Petitioner is free to file a civil rights claim raising these grounds, if he wishes.[2]

---

[2] However, Petitioner is warned that his suit may be without merit, and may even be frivolous, which could result in restrictions on future filings.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

CASE TERMINATED.

Entered this <u>20th</u> day of June, 2013.

s/ Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge